**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Naomi Reyes, | No. CV-20-02361-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

In July 2017, Claimant Naomi Reyes filed for Social Security Disability Insurance Benefits ("SSDI") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging disability since December 1, 2015. AR 13, 233-39. The agency denied Claimant's applications initially and on reconsideration. AR 130-37, 140-45. Claimant appeared with counsel and testified at an administrative hearing. AR 35-74. In a decision dated June 11, 2020, an ALJ found Claimant not disabled. AR 10-29. The Appeals Council denied review in October 2020, making the ALJ's decision the final decision of the Commissioner. AR 1-4. Claimant now seeks review under 42 U.S.C. § 405(g).

**I. Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial

evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## II. Analysis

### A. Claimant's symptom testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. This is the most demanding standard in Social Security cases. *Id.* at 1015. In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony," but cannot reject a claimant's testimony solely for "lack of medical evidence." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ discounted Claimant's testimony regarding her back pain, reciting the many times that (1) Claimant's medical examinations revealed a normal range of motion in her lumbar spine, (2) she had not yet had to rely on surgical interventions, and (3) scans showed only mild-to-moderate disc degeneration. AR at 26. Claimant contends that the ALJ did not sufficiently "tie-in" Claimant's symptom testimony with the reasons for discounting it. (Doc. 20 at 19.) True, an ALJ must connect a claimant's symptom testimony with the basis for discounting it, but the ALJ need not perform an exegetical tour de force to satisfy that requirement. The connection "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)). The ALJ made sufficiently specific "tie-

ins, and thus offered specific, clear, and convincing reasons for discounting Claimant's symptom testimony.

### B. Opinions of Dr. Briggs

Before awarding or denying SSDI or SSI benefits, the ALJ must "articulate in [his] determination or decision how persuasive [he] finds all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b)(1). Persuasiveness turns primarily on whether a medical opinion is supported and consistent. 20 C.F.R. § 404.1520c(b)(2). The ALJ need not consider other factors, such as a medical source's relationship with a claimant, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported. 20 C.F.R. § 404.1520c(b)(3). These considerations apply equally to findings by the state agency medical and psychological consultants who review claims at the initial and reconsideration levels of the administrative process. 20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. § 404.1513(a)(5).

The ALJ explained her reasoning for finding the opinion of Dr. Briggs less persuasive, noting that his physical examination of Claimant resulted in findings inconsistent with other physical examinations in Claimant's medical record, which were largely normal. For instance, whereas Dr. Briggs opined that Claimant would be restricted to less-than-sedentary work (e.g., lifting less than ten pounds, and sitting, standing, and walking for two to three hours), other physical examinations in the medical record showed normal lumbar range of motion, muscle strength, muscle tone, sensation, coordination, motor function, reflexes, and gait. *Id.* What's more, the ALJ noted that Dr. Briggs's opinion came from just one physical examination, which stood as an outlier to the rest of the physical examinations contained in the record. *Id.* Thus, the ALJ properly considered the supportability and consistence and consistence of Dr. Briggs's opinion, and substantial evidence supports finding his opinion less persuasive.

Claimant argues that substantial evidence did not support the ALJ's finding that the remaining medical opinions were persuasive. The Court disagrees. The ALJ

explained that the opinions of state agency physicians Drs. Quinones and Fountain—which concluded that Claimant could perform light exertional work—were supported by largely normal physical examination findings. *Id.* Consultative physician Dr. LaBarre likewise concluded that Claimant was not disabled, opining that she can lift/carry 30 pounds occasionally and at least 25 pounds frequently and sit, stand and/or walk 6-8 hours in an 8-hour day." *Id.* The ALJ explained that this opinion was supported not only by Dr. LaBarre's findings of normal mobility during a physical examination of Claimant, but also by the other physical examinations in the medical record which also noted normal lumbar spine range of motion. *Id.* Substantial evidence supports the ALJ's finding that the opinions of Drs. Quinones, Fountain, and LaBarre are persuasive.

**III. Conclusion**

The ALJ appropriately articulated reasons for discounting Claimant's symptom testimony, finding Dr. Briggs's medical opinion less-than-persuasive, and finding the opinions of Drs. Quinones, Fountain, and LaBarre persuasive.

**IT IS ORDERED** that the decision of the ALJ is **AFFIRMED**. The Clerk is directed to enter judgment accordingly and terminate this case.

Dated this 27th day of March, 2023.

Douglas L. Rayes
United States District Judge